IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**ROBERT L. KELLY**,

    Petitioner,

v.

**GARRETT LANEY**,

    Respondent.

Case No. 6:20-cv-436-SU

**ORDER**

**Michael H. Simon, District Judge.**

    United States Magistrate Judge Patricia Sullivan issued Findings and Recommendation in this case on January 12, 2021. Judge Sullivan recommended that this Court deny Petitioner's Petition for Writ of Habeas Corpus as untimely and decline to issue a Certificate of Appealability.

    Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

    For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474

PAGE 1 – ORDER

U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Petitioner timely filed an objection. Petitioner raises a new argument, asseting for the first time that the Court should apply the doctrine of equitable tolling to find his Petition timely. It is within this Court's discretion whether to accept new evidence or argument submitted with objections. *see Jones v. Blanas*, 393 F.3d 918, 935 (9th Cir. 2004) (discussing the district court's discretion to consider new arguments raised in objections); *Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002) (rejecting the Fourth Circuit's requirement that a district court *must* consider new arguments raised in objections to a magistrate judge's findings and recommendation); *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) (discussing the circuit split on whether a district court must or may consider new evidence when reviewing *de novo* a magistrate judge's findings and recommendation, and concluding that a district court "has discretion, but is not required" to consider new evidence); *see also* 28 U.S.C. § 636(b)(1) (stating that the district court judge "may also receive further evidence"). The Court declines to consider Petitioner's new argument. Before the Magistrate Judge, Respondent raised the timeliness of Petitioner's

Habeas Petition in Respondent's brief, and Petitioner ignored that argument. Petitioner offers no explanation why he did not raise his equitable tolling argument before Judge Sullivan.

Even if the Court were to consider Petitioner's equitable tolling argument, it would fail. The Ninth Circuit has explained that "equitable tolling is unavailable in most cases and is appropriate only if *extraordinary* circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (emphasis in original; quotation marks and citation omitted). Petitioner fails to make the requisite showing.

The Court has reviewed *de novo* those portions of Judge Sullivan's Findings and Recommendation to which Petitioner has objected, as well as Petitioner's objections and Respondent's response. The Court agrees with Judge Sullivan's reasoning regarding the timeliness of Petitioner's habeas petition and adopts those portions of the Findings and Recommendation.

For those portions of Judge Sullivan's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court ADOPTS Judge Sullivan's Findings and Recommendation, ECF 24. The Court DENIES Petitioner's Petition for Writ of Habeas Corpus, ECF 1. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

DATED this 24th day of March, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 3 – ORDER